# EXHIBIT A

 **CT** Corporation

# Service of Process Transmittal
07/14/2020
CT Log Number 537935641

**TO:**    Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:**    **Process Served in Virginia**

**FOR:**    Hartford Casualty Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WASHINGTON EXECUTIVE SERVICES, INC., and CHEVY CHASE EXECUTIVE SERVICES, INC., Pltfs. vs. HARTFORD CASUALTY INSURANCE COMPANY, INC., AND DISTRICT OF COLUMBIA, Dfts. |
| **DOCUMENT(S) SERVED:** | Sheet, Attachment(s), Complaint, Summons |
| **COURT/AGENCY:** | SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, DC<br>Case # 2020CA003035B |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/14/2020 postmarked on 07/06/2020 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after of service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Scott Rome<br>The Veritas Law Firm<br>1225 19" Street, NW, Suite 320<br>Washington, DC 20036<br>2020-686-7600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/14/2020, Expected Purge Date: 07/19/2020<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NEOPOST

FIRST-CLASS MAIL

**$008.20**
07/09/2020 ZIP 20036
042L14807252

US POSTAGE







1225 19th St NW Ste 320
Washington DC 20036



9214 8901 9403 8315 9697 42

CT CORPORATION SYSTEM
ATTN: HARTFORD CASUALTY INSURANCE COMPANY
4701 COX ROAD STE 285
GLEN ALLEN VA 23060

Return Reference#:
Username: Diego Perieira
Reference Name: :
Custom 2:
Custom 3:
Custom 4:
Custom 5:

Postage: $7.0500

**Filed**
**D.C. Superior Court**
**07/08/2020 17:20PM**
**Clerk of the Court**

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

WASHINGTON EXECUTIVE SERVICES , INC., et al.

Case Number: **2020 CA 003035 B**

vs

Date: July 8, 2020

HARTFORD CASUALTY INSURANCE COMPANY, INC., et al.

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Scott H. Rome | Relationship to Lawsuit |
| Firm Name:<br>The Veritas Law Firm | ☑ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-686-7600          476677 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☑ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury
Demand: $ All available insurance coverage      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____      Judge: _____      Calendar #:_____

Case No.:_____      Judge: _____      Calendar#:_____

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☑ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent  ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation              ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                Over $25,000 Pltf. Grants Consent       Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation              ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent      Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy               ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference            ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)                  ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

July 8, 2020
_____
Date

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WASHINGTON EXECUTIVE**<br>**SERVICES, INC.,**<br>c/o The Veritas Law Firm<br>1225 19th Street, NW, Suite 320<br>Washington, DC 20036 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| **CHEVY CHASE EXECUTIVE**<br>**SERVICES, INC.**<br>c/o The Veritas Law Firm<br>1225 19th Street, NW, Suite 320<br>Washington, DC 20036 | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | Case No. **2020 CA 003035 B** |
| v. | )<br>) | |
| **HARTFORD CASUALTY INSURANCE**<br>**COMPANY, INC.**<br>Serve:<br>Hartford Casualty Insurance Company, Inc.<br>One Hartford Plaza<br>Hartford, CT 06155<br>and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| **DISTRICT OF COLUMBIA**<br>**[against which no monetary relief is sought[**<br>Serve:<br>Karl A. Racine, Esq.<br>Attorney General of the District of Columbia<br>Office of the Attorney General for the District<br>of Columbia<br>441 4th St NW, Suite 1100<br>Washington, DC 20001 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## **COMPLAINT**

1

Washington Executive Services, Inc. and additional insured Chevy Chase Executive

Services, Inc. (collectively "WES"), by and through counsel, hereby bring this action for relief

and damages against Defendant Hartford Casualty Insurance Company, Inc. ("Hartford") and in

support thereof states as follows:

1.      WES has been forced to bring this lawsuit to obtain insurance coverage

wrongfully denied by Hartford at the time when WES is at its most vulnerable and in need of

such coverage to survive its loss of business income following the March 24, 2020 Order by the

District of Columbia requiring the closure of non-essential businesses and prohibition on

gatherings of ten or more persons.  Operating successfully for over thirty years as a shared

workspace provider, WES provides and manages office space to entities and individuals and

significant amount of meeting spaces for groups of ten or more persons, such as conferences,

symposiums and training events.  Due to the Orders of the District of Columbia, it was forced to

cancel all reservations for its meeting spaces and prohibit further use of those spaces for all times

through the filing of this Complaint and for the foreseeable future based on later Orders issued

by the District of Columbia.  WES also has also lost tens of thousands of business income

through the partial suspension and cessation of operation of non-essential businesses in their

rented real estate office facilities.  WES sought coverage for its loss of business income from

Hartford through a policy that provided coverage for the loss of business income and explicitly

covered such loss when caused by a virus.  Hartford denied coverage for WES's claim, leaving it

no choice but to turn to the local court to obtain the coverage owed so that it can withstand the

forced partial shut-down of its operations and return to full operations again as a successful local

business assisting many local small businesses and business people.

2

## JURISDICTION

2.      This Court has personal jurisdiction over the Defendants.

3.      Venue is proper because this action involves an insurance policy issued to a District of Columbia policyholder operating a business in the District of Columbia, an additional insured operating a business in the District of Columbia, and involves Orders issued by the District of Columbia.

## PARTIES

4.      Washington Executive Services, Inc. is a corporation formed under and operating a principal place of business located in the District of Columbia and manages rented commercial real estate located at 2101 L Street, NW in Washington, DC.

5.       Chevy Chase Executive Services, Inc. is a corporation formed under and operating a principal place of business located in the District of Columba and manages rented commercial real estate located at 5335 Wisconsin Avenue, NW in Washington, DC.

6.      Defendant Hartford Casualty Insurance Company is a corporation providing insurance with a principle place of business in Hartford, Connecticut.

7.      The District of Columbia issued relevant Orders on March 24 and 30, 2020 and afterward.  No monetary relief is sought against the District of Columbia.

## FACTUAL BACKGROUND

8.      For over thirty years, WES has successfully operated as a well-respected shared workspace provider and, prior to March 24, 2020, fully operated with client contact availability well beyond normal business hours.

9.      Washington Executive Services, Inc. operates one hundred eighteen (118) offices and seven workstations in five suites at 2101 L Street, NW in Washington, DC.  Due to the

3

Orders of the Mayor and prior to the District of Columbia re-opening in the next phase in June 2020, it was prohibited from utilizing the vast majority of the offices due to the prohibition on operations, mandatory limitation on individuals gathering and social distancing requirements. Even during the reopening phase, it continues to suffer the loss of business income due to prohibitions on gathering and mandatory social distancing requirements. Relative to last year, Washington Executive Services has suffered a loss of business income related to the offices of approximately two hundred seven thousand dollars per month ($207,000.00 per month) through the filing of this Complaint, with its losses continuing in nature.

      10.    Washington Executive Services, Inc. also operates ten meeting rooms in four suites at 2101 L Street, NW in Washington, DC. Those rooms would function with usage of the available chairs in each in the following numbers, respectively, seven, eight, eight, eight, ten, ten, fourteen, twelve, sixteen, and forty-eight. Due to the Orders of the Mayor and prior to the District of Columbia re-opening in the next phase in June 2020, it was prohibited from utilizing all of its meeting rooms for purpose of permitting the conducting of meetings of individuals due to the prohibition on operations, mandatory limitation on individuals gathering and social distancing requirements. Even during the reopening phase, it continues to suffer the loss of business income due to prohibitions on gathering and mandatory social distancing requirements. Relative to last year, Washington Executive Services has suffered a loss of business income related to the meeting rooms of over twenty thousand dollars ($20,000.00) through the filing of this Complaint, with its losses continuing in nature.

      11.    Chevy Chase Executive Services, Inc. operates one hundred forty-nine (149) offices in six suites at 5335 Wisconsin Avenue, NW in Washington, DC. Due to the Orders of the Mayor and prior to the District of Columbia re-opening in the next phase in June 2020, it was

4

prohibited from utilizing the vast majority of the offices due to the prohibition on operations, mandatory limitation on individuals gathering and social distancing requirements. Even during the reopening phase, it continues to suffer the loss of business income due to prohibitions on gathering and mandatory social distancing requirements. Relative to last year, Chevy Chase Executive Services has suffered a loss of business income related to the offices of approximately one hundred seventy thousand dollars per month ($170,000.00 per month) through the filing of this Complaint, with its losses continuing in nature.

12.     Chevy Chase Executive Services, Inc. also operates nine meeting rooms in three suites at 5335 Wisconsin Avenue, NW in Washington, DC. Those rooms would function with usage of the available chairs in each in the following numbers, respectively, four, five, six, ten, twelve, twenty, twenty, twenty-four and twenty-five. Due to the Orders of the Mayor and prior to the District of Columbia re-opening in the next phase in June 2020, it was prohibited from utilizing all of its meeting rooms for purpose of permitting the conducting of meetings of individuals due to the prohibition on operations, mandatory limitation on individuals gathering and social distancing requirements. Even during the reopening phase, it continues to suffer the loss of business income due to prohibitions on gathering and mandatory social distancing requirements. Relative to last year, Chevy Chase Executive Services has suffered a loss of business income related to the meeting rooms of over ten thousand dollars ($10,000.00) through the filing of this Complaint, with its losses continuing in nature.

13.     On or about May 1, 2019, Hartford entered into a contract of insurance with WES, whereby WES agreed to make payments to Hartford in exchange for Hartford's promise to indemnify WES for actual losses including, but not limited to, business income loss at WES's business premises, including those caused by a virus.

14.     On May 1, 2019, Hartford issued WES an insurance policy with a policy number of 42 SBA BW8320 and a policy period of May 1, 2019 through May 1, 2020 (the "Policy").

15.     WES faithfully paid Hartford Insurance premiums for the Policy.

16.     The Policy's Declarations identifies that Washington Executive Services, Inc. operates 2101 L Street, NW in Washington, DC, which is referenced as the business premises and so described.  The Policy's Declarations identifies that Chevy Chase Executive Services, Inc. operates 25335 Wisconsin Avenue, NW in Washington, DC, which is referenced as the business premises and so described.  The Policy states that Washington Executive Services, Inc. is the named insured under the Policy.  The Policy states that Chevy Chase Executive Services, Inc. is an additional insured under the Policy.  The Declarations also state that "Business Income and Extra Expense Coverage" is applicable "TO ALL LOCATIONS."

17.     Hartford is stock insurance company of The Hartford Insurance Group, which, upon information and belief, had a net income of approximately $2,064,000,000.00 in 2019.

18.     The Policy provides coverage for a business income loss in the actual amount sustained for twelve months and separate coverage for loss caused by fungi, bacteria or virus.

19.     The Policy defines "Business Income": "Business Income means the: (a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no direct physical loss or physical damage had occurred; and (b) Continuing normal operating expenses incurred, including payroll."

20.     The Policy provides the following grant of coverage for loss of business income: "We will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The 'suspension' must be

6

caused by direct physical loss of or physical damage to property at premises at the 'scheduled premises' [ ], caused by or resulting from a Covered Cause of Loss."

21. The Policy provides the following grant of coverage for extra expense: "We will pay reasonable and necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises'."

22. The Policy defines Extra Expense: "Extra Expense means expense incurred: (a) To avoid or minimize the suspension of business and to continue 'operations': (i) At the 'scheduled premises'; or . . . (b) To minimize the suspension of business if you cannot continue 'operations'."

23. The Policy also provides the following coverage grant: "Civil Authority (1) This insurance is extended to apply to the actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises'."

24. The Policy defines the term "operations" as: "'Operations' means your business activities occurring at the 'scheduled premises' and tenantability of the 'scheduled premises'."

25. The Policy defines the term "suspension" as a full or partial shut-down: "a. The partial slowdown or complete cessation of your business activities; or b. That part or all of the 'scheduled premises' is rendered untenantable as a result of a Covered Cause of Loss if coverage for Business Income applies to the policy."

26. The Policy defines the term "Covered Cause of Loss" as "RISKS OF DIRECT PHYSICAL LOSS" unless the loss is excluded or limited.

7

27.     The Policy states that "period of restoration" "begins with the date of direct physical loss or physical damage caused by or resulting from a Covered Cause of Loss at the 'scheduled premises'."

28.     The Policy explicitly provides coverage for loss due to a virus through an endorsement: "We will pay for loss or damage by 'fungi', wet rot, dry rot, bacteria and virus."

29.     The endorsement states, "As used in this Limited Coverage, the term loss or damage means," "Direct physical loss or direct physical damage to Covered Property caused by 'fungi', wet rot, dry rot, bacteria or virus" and "The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that 'fungi', wet rot, dry rot, bacteria or virus are present."

30.     On March 24, 2020, following the declaration of a state of emergency, the District of Columbia, through the Office of the Mayor, issued Order 2020-053 that specifically prohibited any gathering of ten or more persons anywhere.  The prohibition continued to be in effect from that date until June 19, 2020, when the Mayor's Order permitted gatherings of more than ten persons, but only when social distancing of six feet or more can be maintained between individuals.

31.     Through Order 2020-053 the District of Columbia further mandated that all non-essential businesses in the District of Columbia cease business operations immediately.  WES does and did not qualify as an essential business under that Order.

32.     The Order stated that a violation of the Order would result in criminal, civil and administrative penalties.

33.     The virus that causes the infection of COVID-19 in the District of Columbia was and is being spread as a result of, *inter alia*, civil commotion during March 2020 and thereafter.

8

34.     Since March 24, 2020, the District of Columbia, through the Office of Mayor, has issued additional Orders prohibiting any gathering of ten or more persons anywhere.

35.     As a direct and proximate result of the Mayor's March 24, 2020 Order, WES partially suspended and ceased all operations at both business premises.

36.     As a further direct and proximate result of the Orders, WES incurred a loss of business income from the prohibitions on use of its offices, meeting spaces and working spaces from the date of the initial Order through the filing of the Complaint, with many cancellations occurring and potentially more in the future leading to even greater losses.

37.     Beginning on March 24, 2020 and continuing through the date of this pleading, WES suffered and continues to suffer a loss of business income covered by Hartford through the terms and conditions of the Policy.

38.     On May 21, 2020, after partial suspending and ceasing its business operations, WES provided to Hartford notice of a claim under the Policy for coverage for business income.

39.     Shortly after notice of WES's claim was received, Hartford denied coverage for WES's claim.

40.     WES satisfied all conditions precedent to recovering for its loss under the terms and conditions of the Policy.

41.     Hartford's denial of coverage breached its obligation and responsibility to provide coverage available through the Policy to WES due to its covered loss of business income because the vast majority of its premises were unusable and uninhabitable and lost all function, which constitutes a direct physical loss under the Policy.

42.     As a result of Hartford's denial of coverage and breach of the insurance Policy it issued, WES has suffered and will continue to suffer damages.

43.     WES's damages suffered due to Hartford's breach of the Policy are continuing to accumulate.

44.     A declaratory judgment determining that the coverage provided under the Policy and order that coverage is owed will prevent WES being wrongfully left without vital coverage acquired to ensure the survival of its businesses due to the partial suspension and cessation of its prior operations caused by the Mayor's Orders. As a result of the Orders, WES has incurred, and continues to incur, a substantial loss of business income and additional expenses covered under the Policy.

## COUNT I:  DECLARATORY RELIEF

### (against Hartford and the District of Columbia)

45.     WES realleges and incorporates by reference all preceding paragraphs of its Complaint as if fully set forth herein.

46.     On May 1, 2019, Hartford issued WES an insurance Policy, for which WES paid premiums.

47.     The Policy was a binding contract between Hartford and WES that afforded WES insurance under the terms and conditions of the Policy.

48.     On March 24, 2020, the District of Columbia, through an Order of the Mayor, prohibited the gathering of ten or more persons and ordered the ceasing of all non-essential business operations in the District of Columbia.

49.     WES is a non-essential business under the Orders of the Mayor.

50.     On March 24, 2020 and continuing until and through the date of the filing of this Complaint, WES has suffered the loss of Business Income covered under the Policy due to the

ceasing and suspension of its business operations caused by a direct physical loss of the business premises, including its meeting spaces

    51.    The Policy's coverage for Business Income does not require tangible damage to property at premises.

    52.    WES's business premises were unusable and uninhabitable by employees and customers and it has lost all function to operate as offices and meeting spaces that are accessible to clients and invited members of the public.

    53.    WES's loss of business income is a loss covered under the Policy.

    54.    WES's loss of business income is not otherwise excluded under the Policy.

    55.    Hartford's Policy provides coverage to WES for direct physical loss caused by a virus.

    56.    Coverage under the Policy is also available under the Policy's additional coverage for Civil Authority.

    57.    Hartford denied coverage under the Policy for WES's loss.

    58.    An actual cause and controversy exists that is ripe for declaratory judgment.

    59.    The facts as alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, which will terminate an actual case and controversy.

    60.    No monetary relief is sought from the District of Columbia.

    WHEREFORE, WES respectfully requests that this Court declare (a) that the District of Columbia's March 24, 2020 Order issued through its Mayor required that WES cease its business operations at its business premises, including prohibiting the use of its meeting spaces

and (b) that WES's loss of Business Income is covered under the Policy, and such other relief as the Court deems just and proper.

## COUNT II:  BREACH OF CONTRACT

### (against Hartford)

61.     WES realleges and incorporates by reference all preceding paragraphs of its Complaint as if fully set forth herein.

62.     On May 1, 2019, Hartford issued WES an insurance Policy, for which WES paid premiums.

63.     The Policy was a binding contract between Hartford and WES that afforded WES insurance under the terms and conditions of the Policy.

64.     On March 24, 2020, the District of Columbia, through an Order of the Mayor, prohibited the gathering of ten or more persons and ordered the ceasing of all non-essential business operations in the District of Columbia.

65.     On March 24, 2020 and continuing until and through the date of the filing of this Complaint, WES has suffered the loss of Business Income covered under the Policy due to the partial ceasing and suspension of its business operations, including prohibiting the use of its meeting spaces, caused by a direct physical loss of the business premises.

66.     The Policy's coverage for Business Income does not require tangible damage to property at premises.

67.     WES's business premises were unusable and uninhabitable by employees and customers and it has lost all function to operate as offices and meeting spaces that are accessible to clients and invited members of the public.

68.     WES's loss of business income is covered under the Policy.

69.     WES's loss of business income is not otherwise excluded under the Policy.

70.     Hartford's Policy provides coverage to WES for direct physical loss caused by a virus.

71.     Coverage under the Policy is also available under the Policy's additional coverage for Civil Authority.

72.     Hartford owes coverage for WES's loss of Business Income under the Policy.

73.     Hartford denied coverage for WES's loss of Business Income.

74.     Hartford breached the Policy by denying coverage to WES.

75.     As a result of Hartford's breach of the Policy, WES suffered damage.

WHEREFORE, WES respectfully requests that this Court order that WES's loss is covered under the Policy and enter a judgment in its favor and against Hartford for the full amount owed under the Policy for its loss, together with attorneys' fees, prejudgment and post-judgment interest thereon, and such other relief as the Court deems just and proper.

Respectfully submitted,

_____ /s/ Scott Rome _____

_____ /s/ Christopher LaFon _____
Scott H. Rome, Esq [476677]
Christopher L. LaFon, Esq. [483740]
Anna R. Margolis, Esq. [1043917]
The Veritas Law Firm
1225 19th Street, NW, Suite 320
Washington, DC 20036
Phone: (202) 686-7600
srome@theveritaslawfirm.com
clafon@theveritaslawfirm.com
amargolis@theveritaslawfirm.com
*Counsel for Plaintiffs*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

WASHINGTON EXECUTIVE SERVICES, INC., et al.
_____
_____
Plaintiff

vs.

HARTFORD CASUALTY INSURANCE COMPANY, INC.
_____
Defendant

Case Number **2020 CA 003035 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Scott H. Rome - 476677
_____
Name of Plaintiff's Attorney

1225 19th Street NW, Suite 320
_____
Address
Washington, DC 20036
_____

202-686-7600
_____
Telephone

By _____
Deputy Clerk

Date **07/09/2020**

_Clerk of the Court_

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828

법역을 원하시면, (202) 879-4828 로 전화주십시요.       የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
        contra
                                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____
_____
Dirección                                           Subsecretario

                                        Fecha: _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화하여 주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                        Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

WASHINGTON EXECUTIVE SERVICES, INC., et al.
_____
Plaintiff

vs.

DISTRICT OF COLUMBIA                                    Case Number    **2020 CA 003035 B**
_____                            _____
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Scott H. Rome - 476677
_____
Name of Plaintiff's Attorney                                    Clerk of the Court

1225 19th Street NW, Suite 320                    By _____
_____                          Deputy Clerk
Address
Washington, DC 20036

202-686-7600                                            Date    **07/09/2020**
_____
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요.         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                        Demandante
        contra
                                                            Número de Caso: _____
_____
                        Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____        Por: _____
Dirección                                              Subsecretario

_____        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202)879-4828

반역을 원하시면 (202) 879-4828로 전화하십시오     የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

WASHINGTON EXECUTIVE SERVICES, INC et al
    Vs.                                C.A. No.     2020 CA 003035 B
HARTFORD CASUALTY INSURANCE COMPANY, INC., et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                           Chief Judge Robert E. Morin

Case Assigned to: Judge FLORENCE Y PAN
Date:  July 9, 2020
Initial Conference: 9:30 am, Friday, October 09, 2020
Location:   Courtroom 415
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin